■ In the Matter of LUCILLE SMITH, Petitioner, v. ABE LAVINE, as Commissioner of the Department of Social Services of the State of New York, et al., Respondents.— Proceeding pursuant to article 78 of the CPLR *inter alia* (1) to review a determination of the Department of Social Services of the State of New York, rendered June 22, 1972, which, after a statutory fair hearing, affirmed a determination of the Department of Social Services of the City

of New York to discontinue a grant of "aid to dependent children" to petitioner, and (2) in the alternative, to set aside a bond and mortgage given by petitioner to respondent Commissioner of said city agency. By a previous decision in this proceeding, this court (1) denied a motion by the respondent Commissioner of said State agency to dismiss the petition on the ground that it fails to state a cause of action and (2) ordered that, pending service of his answer to the petition, with supporting affidavits, and a reply, if any, determination of the proceeding on the merits as against both Respondents would be held in abeyance (*Matter of Smith* v. *Lavine*, 44 A D 2d 570). Such answer and supporting affidavits have been served and filed. Petition granted to the extent that the determination rendered June 22, 1972 is modified, on the law, (1) by adding thereto, immediately after the provision that the city agency's determination is affirmed, the following: "except that the public assistance to petitioner is restored retroactively from the date of its termination until June 2, 1972, when the fair hearing was held", and (2) by setting aside portions of the findings contained therein, as follows: the portion of finding "(2)" which states that the city agency "still is" providing assistance in the amount of $279.90 semimonthly; the portion of finding "(3)" which states that assistance has been continued pursuant to Federal court order; the portion of finding "(5)" which states that "the agency had reason to believe that the appellant's husband was employed and was residing with the appellant and her family and was providing support for the appellant and her family"; and the portion of finding "(6)" which states that "the agency had reason to believe that the appellant herself had been employed at various times while in receipt of public assistance." As so modified, determination confirmed, without costs. Finding "(3)" of the determination of June 22, 1972 states in part: "On April 17, 1972, the agency determined to close the appellant's case for the reason that it was claimed that appellant had requested her case be closed." Petitioner was the recipient of a grant of aid to dependent children for herself and five minor dependent children. Subsequently, the agency discovered that petitioner and her husband were the owners of the real property for which petitioner was receiving a rent allowance and that she had submitted a false rent receipt. At the city agency's request, petitioner appeared at the Jamaica Welfare Center and executed a bond and mortgage on this real property. Within the hour, the agency requested that she permit inquiry to be made at her children's schools to verify the number of her dependents. She refused on the ground that such an inquiry would be damaging to her children's reputations. The investigator suggested that she remove herself from welfare because he thought it would serve her best interests to close the case immediately and said he hoped there would then be no criminal prosecution. At his dictation, petitioner wrote: "I would like to close my case" on paper and signed it. She returned home and telephoned the agency, requesting a fair hearing. Under the circumstances, the consent for the closing of the case was not voluntary. "Indeed, it is highly likely that [she] signed merely because she felt that she had no remedy" (*Lawson* v. *Brown*, 349 F. Supp. 203, 206). Petitioner therefore was entitled to timely and adequate notice of termination and a fair hearing (18 NYCRR 351.26). Since the former requirement was not met, she is entitled to receive the full grant of $279.90 semimonthly from the date of termination until the date of the fair hearing. The portion of finding "(5)" which states that the city agency had reason to believe that petitioner's husband was residing with the family and supporting it is not supported by substantial evidence. That he did not change his address with either the Post Office or the Motor Vehicle Bureau is insufficient

when contrasted with petitioner's testimony that he had been a patient in the Kings County Hospital Alcoholic Ward, had choked one of the children and had attempted to cut petitioner's throat, that she had summoned the police whenever he came to her home, that she had sought the assistance of the Family Court a number of times without success and that he also received mail at his mother's home. The portion of finding " (6) " which states that the city agency had reason to believe that petitioner (a licensed practical nurse) had been employed while receiving assistance is also not supported by substantial evidence. There was no evidence that she had been employed, or when, or what her earnings had been to justify a finding "not only that petitioner was 'employed' but that her income was such that her public assistance should be discontinued" (*Matter of Hobbs* v. *Lavine*, 42 A D 2d 961, 962). The agency may be justified in reducing installment payments in order to recoup (*Griffith* v. *Wyman*, 39 A D 2d 874). However, "without a determination upon the children's needs, the parents' misconduct or fraud is insufficient to cut off relief to the children under an AFDC assistance program" (*Norton* v. *Lavine*, 74 Misc 2d 590, 598, citing *Matter of Ryan* v. *New York State Dept. of Social Servs.*, 40 A D 2d 867). There was no such determination here. However, the determination must be confirmed as to termination of assistance after June 2, 1972, on other grounds. Petitioner admits she refused permission for the city agency to make inquiries at the schools. If permission to investigate "reasonably necessary" factors is not granted by the recipient, section 134-a of the Social Services Law permits the agency to suspend or discontinue public assistance until such time as the agency is satisfied that the recipient is eligible. In upholding the requirement of regular home visits to maintain eligibility under New York's Social Services Law, the Supreme Court of the United States has clearly implied that interviews with school personnel were also permissible (*Wyman* v. *James*, 400 U. S. 309, 322). Inquiries at schools are certainly "reasonably necessary" to verify the number of dependents here where petitioner admits she denied ownership of her home and produced a false rent receipt. She therefore has refused to comply with section 134-a of the Social Services Law and termination of her assistance therefore is proper. Petitioner concedes that if the city agency had continued her assistance, its taking of the bond and mortgage was proper. There is nothing in the record from which it can be inferred that at the time she executed the bond and mortgage the agency intended to discontinue the assistance. It was petitioner's refusal thereafter to permit inquiries at the schools which terminated her assistance. The agency's retention of the bond and mortgage is therefore proper. We hold that petitioner's request for discontinuance of her grant was not voluntary. It was executed under undue pressure from the city agency's representative, as is shown by petitioner's immediate request for and the agency's granting of the fair hearing. However, we are denying restoration of assistance, except for the period up to June 2, 1972, because of petitioner's refusal to co-operate with the agency by permitting inquiries to be made at the children's schools. Petitioner therefore is entitled to receive assistance only up to the time of the fair hearing. Hopkins, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.