■ JOAN BERGER, as Guardian ad Litem for META ADLER, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent State Commissioner of Social Services, dated August 13, 1979 and made after a statutory fair hearing, which affirmed a determination of the local agency reducing home health aide for Meta Adler. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and respondents are directed to restore petitioner's home health aide assistance; the proceeding is otherwise dismissed on the merits. When the question is, as here, whether assistance should be reduced or discontinued, the burden is on the local agency (see *Matter of Woodley v Lavine,* 54 AD2d 912). The local agency introduced only an uncorroborated hearsay statement and presented no witnesses at the hearing. The local agency did not meet its burden and did not submit "the substantial evidence upon which an administrative decision must be based" (see *Matter of Fore v Toia,* 60 AD2d 913; *Newman v Shang,* 67 AD2d 999). Damiani, J.P., Gibbons, Gulotta and Thompson, JJ., concur.

■ VALERIE CESCA, Appellant-Respondent, v EUGENE J. CESCA, Respondent-Appellant. — In an action for divorce, the parties cross-appeal, as limited by plaintiff's notice of appeal and defendant's brief, from stated portions of a judgment of the Supreme Court, Rockland County, entered July 3, 1980, which, after a nonjury trial, *inter alia,* granted plaintiff a divorce by reason of the cruel and inhuman treatment of the plaintiff by the defendant, failed to reflect a portion of the trial court's decision that defendant was entitled to a divorce and did not make provision for the installment payment of the counsel fee awarded plaintiff. Judgment modified, on the law, by amending the first decretal paragraph to read: "ORDERED, ADJUDGED, AND DECREED, that the marriage between the plaintiff and the defendant be and it hereby is dissolved by reason of the cruel and inhuman treatment of the defendant by the plaintiff." As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. The aforesaid modification is necessary in order to conform the judgment to Special Term's decision. We find no merit in the parties' other contentions. Damiani, J.P., Lazer, Mangano and Weinstein, JJ., concur.