■ In the Matter of ROBERT A. EAGLE, as Representative Broker of BUTTERFIELD REALTY OF LONG ISLAND, INC., et al., Petitioners, v BASIL A. PATERSON, as Secretary of State of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent, dated November 9, 1979 and made after a hearing, which found that petitioners had demonstrated untrustworthy conduct as real estate brokers, and imposed a penalty. Determination confirmed and proceeding dismissed on the merits, with costs. Based on the entire record in this proceeding, the determination is supported by substantial evidence and is not arbitrary and capricious. We find petitioners' other contentions to be without merit. Mangano, J. P., Gulotta and O'Connor, JJ., concur.

Gibbons, J., dissents and votes to grant the petition, annul the determination, dismiss the charges and remit the fines, with the following memorandum: Petitioners were given a hearing before a hearing officer of the Department of State, Division of Licensing Services, after which it was determined that they had solicitated residential property owners in violation of 19 NYCRR 175.17, which prohibits real estate solicitations where a cease and desist order is in effect. The respondent's determination was not supported by substantial evidence and was the product of a proceeding in which the petitioners were denied their due process right to cross-examination. Competent evidence of the receipt of the alleged real estate solicitation by home owners on the Elmont cease and desist list was lacking in this case. A charge of solicitation implies a "personal petition to a particular individual to do a particular thing" *(Matter of Koffler,* 51 NY2d 140, 146). The only evidence before the hearing examiner, probative of receipt of the questioned insert, in the instant case, was the hearsay statements contained in letters from four homeowners, alleging that they received the questioned insert from Butterfield Realty. None of these four individuals was called to testify, and there was no other evidence before the hearing examiner that corroborated receipt of the insert by any homeowners on the cease and desist list. "Although hearsay evidence is admissible in administrative proceedings, there nonetheless must be a 'residuum of legal evidence to support the claim'" *(Matter of Ayala v Toia,* 59 AD2d 739; *Matter of Valerio v Hastings,* 74 AD2d 478, 483; *Berger v Blum,* 81 AD2d 903). The testimony of petitioners Mason and Eagle that petitioners delivered the questioned inserts to Pennysaver and that Pennysaver guarantees 93% delivery in a given area does not provide that residuum of legal evidence since such guarantee does not tend to establish that any particular homeowner on the cease and desist list received the questioned insert. Nor does such testimony, as was elicited from petitioners, corroborate the hearsay statements of the four Elmont homeowners. Moreover, the guarantee is itself hearsay. Uncorroborated hearsay does not constitute the substantial evidence upon which an administrative decision may be based *(Matter of Ayala v Toia, supra).* The mere uncorroborated hearsay allegations of the four homeowners who alleg-

edly received the questioned inserts do not constitute the kind of substantial evidence upon which the determination of an administrative agency may rest *(Matter of Berlow v Lomenzo,* 49 AD2d 160). Further, I find error in the hearing examiner's failure to call these complaining witnesses to testify. The hearing examiner has the express power to compel the attendance of witnesses at an administrative hearing, pursuant to subdivision 2 of section 304 of the State Administrative Procedure Act. When the failure to exercise such power results in a determination based, in part, on hearsay testimony, the determination must be set aside and a new hearing ordered, so that such witness' testimony can be presented and evaluated by the hearing examiner *(Matter of Reynolds v Triborough Bridge & Tunnel Auth.,* 276 App Div 388). The critical proof in this case, however, is based wholly on hearsay. Although the hearing examiner has a right to receive and consider third-person statements which are hearsay evidence, where, however, as here, the charges against the petitioners authorized the imposition of penal sanctions, the accused party is entitled to a hearing conducted with proper adherence to due process requirements of which a reasonable opportunity to test and controvert adverse evidence is an essential element *(Matter of Erdman v Ingraham,* 28 AD2d 5). In addition, the hearing examiner's failure to subpoena the complaining witnesses deprived the petitioners of their right to cross-examine witnesses and to test their credibility and the competence of the evidence presented. Such right is guaranteed under subdivision 3 of section 306 of the State Administrative Procedure Act. "A reviewing court has more than a passive, acquiescent function to perform when it passes upon the determination of administrative agencies; it has a real judicial function to exercise where it reviews the sufficiency and substantiality of the evidence upon which those agencies have acted" *(Matter of Reynolds v Triborough Bridge & Tunnel Auth., supra,* p 393). For all the above reasons, the determination should be annulled, the charges dismissed and the fines remitted.