■ In the Matter of WILLIAM T. EVES, JR., Doing Business as ISLAND WETBIKE & CYCLES, Petitioner, v JOHN A. PASSIDOMO, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent the Commissioner of Motor Vehicles of the State of New York, dated October 9, 1984, which affirmed findings that the petitioner violated certain regulations governing motor vehicle repair shops, and ordered that the petitioner pay a civil penalty, as amended by an order dated November 23, 1984, indefinitely suspending the petitioner's repair shop certificate of registration for failure to pay the civil penalty imposed.

Determination, as amended, confirmed, and proceeding dismissed on the merits, with costs.

Hearsay evidence was properly admitted in this administrative hearing and was properly used to contribute support for the findings *(see, People ex rel. Vega v Smith,* 66 NY2d 130, 139). The determination of the Administrative Law Judge as

to the credibility and veracity of the complaining witness was reasonable and is therefore sustained by this court *(see, Matter of Collins v Codd,* 38 NY2d 269, 270-271). Thus, the charges against the petitioner which were sustained by the respondent were supported by substantial evidence as required by CPLR 7803 (4) *(see, People ex rel. Vega v Smith, supra,* p 139).

The sanction imposed on the petitioner was a reasonable fine; only as a result of his failure to pay this fine was the sanction of suspension subsequently imposed. The suspension of the petitioner's certification does not constitute a disproportionate sanction under the circumstances *(see, Matter of Purdy v Kreisberg,* 47 NY2d 354, 360). Weinstein, J. P., Niehoff, Kunzeman and Spatt, JJ., concur.