■ In the Matter of CATHERINE YERRY, Petitioner, v ULSTER COUNTY et al., Respondents.—Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Ulster County) to review a determination of respondents which terminated petitioner's employment pursuant to Civil Service Law § 75.

Petitioner, a nurse's aide employed by respondent Ulster County Infirmary, was charged with nine specifications of misconduct pursuant to Civil Service Law § 75. The Hearing Officer found four specifications of misconduct substantiated: (1) that petitioner bumped a resident's leg on April 4, 1985 and failed to timely report the injury, (2) that petitioner inserted a rectal thermometer improperly into a patient's vagina on June 5, 1985, (3) that petitioner, on July 2, 1985, did not use a syringe pursuant to a doctor's standing order and thus failed to properly feed a patient, and (4) that petitioner fed a resident food which she failed to cool causing burns to the patient's mouth on August 28, 1985. The Hearing Officer recommended that petitioner be terminated for the acts of misconduct. These findings were adopted by respondent Dennis Smith, the director and administrator of the infirmary.

In this proceeding to review the determination, petitioner asserts that the imposition of the penalty for the acts of misconduct subjected her to double jeopardy and should be annulled, that the determination was not supported by substantial evidence and, finally, that the imposition of the penalty was an abuse of discretion in that the penalty was shockingly disproportionate to the offenses.

Addressing petitioner's double jeopardy assertion, we hold that the fact that petitioner was orally counseled for each of the acts underlying the disciplinary proceedings did not constitute discipline within the meaning of Civil Service Law § 75 and petitioner was thus not disciplined twice when she was terminated. In *Tomaka v Evans-Brant Cent. School Dist.* (65 NY2d 1048), it was held that a letter of reprimand placed in an employee's file did not constitute a reprimand within the meaning of Civil Service Law § 75. It follows then that oral counseling, such as was administered in the instant case, is also not discipline within the provisions of Civil Service Law § 75. Thus, petitioner was not disciplined twice and double jeopardy considerations do not apply.

As to petitioner's contention that substantial evidence did not support the finding of misconduct, we disagree. Contrary to petitioner's assertions, hearsay may form the sole grounds of proof at an administrative hearing *(Matter of Eagle v Paterson,* 57 NY2d 831). Substantial evidence requires only such relevant proof as a reasonable mind might accept as adequate to support a conclusion or ultimate fact *(People ex rel. Vega v Smith,* 66 NY2d 130, 139; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180). The evidence here was made up of both eyewitness testimony and believable hearsay which together were sufficient to sustain the findings made.

As to the imposition of discipline, when petitioner's serious performance deficiencies are considered in light of her experience and the grave responsibility her work demanded in caring for helpless and dependent patients, we find that the penalty imposed was not disproportionate to the offenses. She showed an insensitivity and a lack of ability that made her unsuitable for the work and constituted a danger to the well-being of the infirmary's elderly residents.

Determination confirmed, and petition dismissed, without costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.