Patrick M. Malgieri, Esq. County Attorney, Monroe
Your office has asked whether section 144 of the Social Services Law authorizes public welfare officials to obtain information from former recipients of public assistance by means of subpoenas and the taking of sworn testimony.
The Social Services Law contains various provisions designed to avoid the receipt of public assistance by ineligible persons. For example, section 134-a requires social services officials to interview applicants for and recipients of public assistance to determine eligibility (Social Services Law, § 134-a[3]). If the information provided by the applicant/recipient at the interview is not adequate to determine eligibility section 134-a provides "that further inquiry should be made, [and] additional necessary information is to be sought" (id., § 134-a[1]). Section 134-a places a limit on the extent of this investigation:
 "In making such investigation or reinvestigation, sources of information, other than public records, shall be consulted only with the permission of the applicant or recipient. However, if such permission is not granted by the applicant or recipient, the appropriate social services official may deny, suspend or discontinue public assistance or care until such time as he may be satisfied that such applicant or recipient is eligible therefor" (ibid.).
Section 134-a does not give social services officials any authority to compel directly the production of financial information. An applicant or recipient may be declared ineligible, however, if the information sought is not provided voluntarily (see Crespo v Dumpson, 49 A.D.2d 873 [2d Dept, 1975]; Matter of Smith v Lavine, 45 A.D.2d 712 [2d Dept, 1974]). Section 134-a was added to the Social Services Law in 1967 and was part of an effort to shift the emphasis of the role of local departments away from enforcement and recoupment of welfare fraud and towards the efficient provision of benefits (L 1967, ch 183).
In addition, section 144 of the Social Services Law, which dates back to 1940, authorizes public welfare officials to compel directly the production of financial information from applicants for and recipients of public assistance and those persons liable by law for the support of such applicants and recipients (L 1940, ch 619). Section 144 gives social services officials the power "to elicit, by examination under oath, statements of facts from applicants for or recipients of assistance or care" (Social Services Law, § 144). Social Services officials are also given the power to subpoena those persons who are liable for the support of applicants and recipients and compel them to testify and produce documents as to their ability to contribute to the support of the applicants and recipients (ibid.).
Section 144 was enacted together with section 145 which makes it a misdemeanor for any person — applicant, recipient or individual responsible for the support of an applicant or recipient — to make a false statement with the purpose of obtaining public assistance (L 1940, ch 619; Social Services Law, § 145[1]). Section 145-b, added later, authorizes social services officials to recover civil damages in an amount equal to three times the amount of any fraudulent overstatement (L 1975, ch 659; Social Services Law, § 145-b[2]).
Your question is whether the provisions of section 144, authorizing deposition and subpoenaing of applicants, recipients and those liable for their support, also apply to former recipients of public assistance, i.e., those who received public assistance in the past, but no longer do so.
We note that the relevant provisions of the Social Services Law do not require that the individual accused of welfare fraud be currently receiving welfare at the time the investigation and action are commenced. In People v Hunter (34 N.Y.2d 432 [1974]), the defendant was prosecuted under section 145 of the Social Services Law even though at the time of the prosecution he was no longer receiving public assistance.
Because a person remains subject to prosecution and recoupment procedures after they leave the welfare roles, the companion investigative methods found in section 144 logically should apply to a former recipient. Indeed, there is nothing in section 144 which is inconsistent with this conclusion. The section refers generally to "recipients of assistance". The reasonable construction is to read "recipients" as meaning persons who have received public assistance, as this includes those persons who are subject to criminal penalties and civil fines for welfare fraud pursuant to sections 145 and 145-b. To find otherwise would stymie legitimate investigations and prosecutions of welfare law violators.
This interpretation is consistent with section 134-a of the Social Services Law. These provisions limit the extent of an investigation for eligibility — "sources of information, other than public records, shall be consulted only with the permission of the applicant or recipient" (Social Services Law, § 134-a). This bar on use of nonpublic information is by no means absolute. Section 136-a authorizes officials to obtain confidential information as to an applicant's or recipient's financial situation from the Departments of Audit and Control and Taxation and Finance (id., § 136-a). In addition, section 143 requires private employers to make similar financial disclosures to social services officials (id., § 143). Furthermore, the provisions of section 134-a are aimed towards establishing the eligibility of applicants and current recipients. If an applicant or recipient refuses to provide information requested by officials he or she may be denied benefits (id., § 134-a). Section 144, accompanying as it does the sections making welfare fraud a misdemeanor and providing for treble damages, has a different focus than the statutes establishing eligibility: the investigation of welfare fraud.
We conclude that section 144 of the Social Services Law authorizes public welfare officials to obtain information from current and former recipients of public assistance by means of subpoenas and the taking of sworn testimony.