■ In the Matter of TIMOTHY DIEHSNER, Petitioner, v SCHENECTADY CITY SCHOOL DISTRICT et al., Respondents.—Levine, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Schenectady County) to review a determination of respondent Schenectady City School District Board of Education which found petitioner guilty of misconduct and terminated his employment.

Petitioner, a utility worker having permanent civil service status in the maintenance department of respondent Schenectady City School District (hereinafter the District), was charged with six instances of employee misconduct in a disciplinary proceeding under Civil Service Law § 75. The six specifications were that (1) petitioner reported 25 minutes late for work on Friday, May 15, 1987, (2) petitioner failed to appear at a work assignment on June 19, 1987, (3) petitioner

left work early on Friday, June 19, 1987 without following the sign-out procedure, (4) petitioner was absent from work from noon on Friday, June 19, 1987 through Friday, June 26, 1987 without authorization and failed to inform or explain his absence to anyone or request a leave, (5) petitioner violated the District's procedure requiring that an absence was to be reported between 7:30 A.M. and 8:30 A.M., in that he made no report on August 28, 1987 of his absence until 10:45 A.M., and (6) petitioner illegally used a sick leave day on August 28, 1987 in falsely reporting that he would be absent because of a dental appointment.

After a hearing held March 14, 1988, the Hearing Officer rendered a decision sustaining all but the fifth of the foregoing specifications and, based upon petitioner's disciplinary history, recommended the sanction of dismissal. Respondent Schenectady City School District Board of Education accepted and adopted the Hearing Officer's findings and recommendation. Petitioner brought this CPLR article 78 proceeding challenging the determination.

Petitioner's essential ground for annulment is that virtually all of the charges sustained by the Hearing Officer were supported solely by uncorroborated hearsay and that such proof does not constitute substantial evidence sufficient to justify terminating the employment of a tenured civil servant. We disagree. It is by now settled law that purely hearsay evidence may meet the substantial evidence test if sufficiently relevant and probative *(People ex rel. Vega v Smith,* 66 NY2d 130, 139). The question is whether the hearsay introduced is " 'the kind of evidence on which responsible persons are accustomed to rely in serious affairs' " *(supra,* at 139, quoting *National Labor Relations Bd. v Remington Rand,* 94 F2d 862, 873, *cert denied* 304 US 576), or " 'such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact' " *(supra,* at 139, quoting *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180). Unsworn written statements may be sufficient *(supra; Matter of Eagle v Paterson,* 83 AD2d 837, *affd* 57 NY2d 831), as well as oral statements *(Matter of De Carlo v Perales,* 131 AD2d 31, 35). Moreover, no greater burden of proof is imposed in civil service disciplinary proceedings *(Matter of Yerry v Ulster County,* 128 AD2d 941, 942).

In the instant case, the first specification was proved through the testimony of a District supervising employee as to his personal observations and, hence, was not at all based upon hearsay. The second, third and fourth specifications were

supported through the testimony of the District's assistant superintendent for finance, who apparently was in charge of personnel matters. The sources of his testimony were conversations with petitioner's immediate supervisors, personnel staff, one of petitioner's co-workers and telephone discussions with petitioner's grandmother (with whom petitioner resided) when he attempted to contact petitioner during his absence from June 19, 1987 to June 26, 1987. Written procedures for District maintenance personnel required petitioner, before leaving during a work day, to request permission from his immediate supervisor or, if he was not available, the assistant superintendent for finance. Petitioner was also mandated to call the maintenance department between 7:30 A.M. and 8:30 A.M. if he expected to be absent for illness or any other reason. The oral reports from staff persons that the assistant superintendent repeated in his testimony were fact specific, narrowly drawn to the issues of petitioner's violations of the foregoing procedures and were contemporaneously made. There is no reason to doubt that the assistant superintendent's subordinates had a duty to report accurately to him. Therefore, the proof was sufficiently relevant and probative to meet the substantial evidence test (see, People ex rel. Vega v Smith, supra, at 140).

Although no implied evidentiary admission was established from petitioner's failure to respond to the District's letters of reprimand concerning his violations of the rules of his department (see, Richardson, Evidence § 223, at 199 [Prince 10th ed]), the failure of petitioner to deny the accusations of his misconduct, although having been invited to do so, lends support to the Hearing Officer's conclusion that no further inquiry was necessary before accepting the probative value of the hearsay evidence (see, People ex rel. Vega v Smith, supra, at 140). It was also well within the Hearing Officer's province to disbelieve the testimony of petitioner and his girlfriend that he in fact reported his leaving on June 19, 1987 because of illness, particularly in view of petitioner's testimonial admission that he falsely reported the reason for being late for work on August 28, 1987 (see, Matter of Eves v Passidomo, 121 AD2d 538, 539).

For the foregoing reasons, the findings of petitioner's misconduct should not be disturbed. Petitioner's prior record of similar absences and tardinesses without reporting or seeking permission, for which he was warned and suspended, fully justify the imposition of the sanction of discharge. However, petitioner is correct in contending that the District erred in

denying him back pay for the period of delay in the resolution of the charges from the date of the hearing on March 14, 1988, while he remained under suspension without pay (Civil Service Law § 75 [3]). The stipulation between the District and petitioner's collective bargaining representative to postpone the hearing while he remained under such suspension, during which settlement negotiations were taking place, did not cover the additional period to May 20, 1988, the date of his eventual dismissal *(see, Hansen v City of Gloversville,* 134 AD2d 657, 658). Therefore, remittal is required for the purpose of determining the amount of petitioner's back pay to be awarded from March 14, 1988 through May 20, 1988, less any amounts he received from employment or unemployment insurance benefits during that period.

Determination modified, without costs, by annulling so much thereof as denied petitioner back pay for the period March 14, 1988 to May 20, 1988; matter remitted to respondents for further proceedings not inconsistent with this court's decision; and, as so modified, confirmed. Mahoney, P. J., Kane, Yesawich, Jr., Levine and Mercure, JJ., concur.