■ In the Matter of GEORGE GROSSMAN, Petitioner, v JAMES KRALIK et al., Respondents. [629 NYS2d 467] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent James Kralik, dated October 6, 1992, which, after a hearing, found the petitioner guilty of misconduct and terminated his employment as a Deputy Sheriff Court Attendant for the County of Rockland.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

On May 14, 1992, a Supreme Court Justice reported that the petitioner, who was employed as a Deputy Sheriff Court Attendant, had fallen asleep in the courtroom while on duty. The respondent James Kralik, Sheriff of Rockland County, subsequently determined that the petitioner had committed misconduct by being derelict in his duties and discharged him from his position. On appeal, the petitioner contends that the respondent's determination was not supported by substantial evidence because the Judge who was presiding when he fell asleep in the courtroom did not testify at the administrative hearing. We disagree. It is well established that an agency can prove its case through hearsay evidence *(see, People ex rel. Vega v Smith,* 66 NY2d 130, 139; *see also,* State Administrative Procedure Act 306 [1]), so long as it is believable, relevant, and probative *(see, Matter of De Carlo v Perales,* 131 AD2d 31; *Matter of Yerry v Ulster County,* 128 AD2d 941, 942). Here, the Judge who witnessed the petitioner fall asleep prepared a written memorandum fully describing the incident, which was admitted into evidence. The written memorandum is believable and highly probative of the dereliction-of-duty charge and was corroborated by other testimony adduced at the hearing. Accordingly, the respondent's determination is supported by substantial evidence *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176).

Futhermore, the record indicates that the petitioner has been repeatedly disciplined in the past for the same conduct, and, under these circumstances, we cannot say that the penalty of dismissal was so disproportionate to the offense as to be shocking to one's sense of fairness *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, supra).*

We have examined the petitioner's remaining contentions and find that they are without merit. O'Brien, J. P., Ritter, Copertino and Krausman, JJ., concur.