■ In the Matter of EUGENE QUARLES, Petitioner, v ANTHONY J. SCHEMBRI, as Correction Commissioner of the City of New York, et al., Respondents. [642 NYS2d 885] —Determination of respondent Correction Commissioner dated July 11, 1994, which dismissed petitioner from his position as correction officer, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Lewis Friedman, J.], entered March 23, 1995) dismissed, without costs.

The Commissioner's determination that petitioner ingested cocaine is supported by substantial evidence, including the results of the standard EMIT drug test as confirmed by the standard GCMS test, and the testimony of the laboratory director describing the procedures used to ensure the chain of custody and reliability of the test results (*Matter of Fulton v Jacobson*, 226 AD2d 215). There is no merit to petitioner's claim that such testimony was mere speculation as to what transpired with respect to his urine specimen, and that the testimony of those who actually handled the specimen and performed the tests was needed to provide substantial evidence of ingestion (*see, People ex rel. Vega v Smith*, 66 NY2d 130, 139; *Matter of Grossman v Kralik*, 217 AD2d 625). The penalty of dismissal does not shock our sense of fairness (*Matter of Fulton v Jacobson, supra*). Concur—Sullivan, J. P., Milonas, Rubin, Tom and Mazzarelli, JJ.