■ In the Matter of HENROIT AUGUSTE, Respondent, v BRIAN J. WING, as Commissioner of New York State Department of Social Services, et al., Appellants. [703 NYS2d 38] —Orders, Supreme Court, New York County (Elliott Wilk, J.), entered on or about August 31, 1998 and March 18, 1999, awarding

petitioner attorneys' fees and costs pursuant to CPLR article 86, unanimously affirmed, without costs.

We previously held respondent State agency's determination to be "arbitrary and capricious insofar as it required petitioner to once again prove the extent of his need for the period of time that benefits were concededly wrongfully withheld, instead of simply requiring the City agency to pay those benefits at their pretermination level". (244 AD2d 252.) At issue on the instant fee application is whether there was substantial justification for the State agency's position. There was not. While 18 NYCRR 352.29 (d) requires that public assistance benefits be awarded in the first instance only on the basis of verifiable need, it does not address a situation like this, where petitioner's benefits were wrongfully terminated without notice after his need therefor had been verified and grants paid. The situation had, however, been addressed by case law restoring benefits terminated or reduced without notice, or without reason, to their pretermination or prereduction levels (*see, Zembenski v Blum*, 83 AD2d 855; *Berger v Blum*, 81 AD2d 903; *Matter of Smith v Lavine*, 45 AD2d 712). The recovery obtained in the article 78 proceeding, which amounted to virtually all that petitioner sought, justifies the $29,025 fee awarded by the IAS Court (*see, Grant v Martinez*, 973 F2d 96, 101). This is not a case where hundreds of thousands in fees are claimed for a small recovery. We have considered the State agency's other arguments and find them unpersuasive. Concur—Rosenberger, J. P., Williams, Ellerin and Saxe, JJ.