(March 19, 2010)

■ In the Matter of A-PLUS, Licensed Lottery Agent No. 47664, Petitioner, v NEW YORK STATE LOTTERY, Respondent. [897 NYS2d 568]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Onondaga County [James P. Murphy, J.], entered August 6, 2009) to review a determination of respondent. The determination revoked petitioner's Lottery Sales Agent License.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to annul the determination revoking its lottery sales agent license (hereafter, lottery license). We reject petitioner's contention that the determination is not supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]). Respondent presented the testimony of two investigators at the hearing before the Administrative Law Judge (ALJ) concerning statements made to them by the complaining customer and statements to them made by petitioner's president. Although the out-of-court statements of that customer constituted hearsay, it is well settled that " '[h]earsay evidence [may] be the basis of an administrative determination' and, if sufficiently relevant and probative, may alone constitute substantial evidence" (*Matter of Hoch v New York State Dept. of Health*, 1 AD3d 994, 995 [2003]; *see Matter of Gray v Adduci*, 73 NY2d 741, 742 [1988]). In addition, the statements of petitioner's president did not constitute hearsay and provided an independent basis for the determination. We reject the further contention of petitioner that it was denied a fair hearing because the complaining customer did not testify at the hearing. Respondent had no obligation to produce any particular witnesses in order to establish a prima facie case, and petitioner did not request that the ALJ issue a subpoena pursuant to State Administrative Procedure Act § 304 (2) to compel the customer to attend the hearing.

We reject petitioner's contention that the penalty imposed was an abuse of discretion as a matter of law and thus should not be upheld (*see generally Matter of Kelly v Safir*, 96 NY2d 32, 38 [2001], *rearg denied* 96 NY2d 854 [2001]). A lottery license may be revoked upon a determination that the agent has engaged in "conduct prejudicial to public confidence in the Lottery" (21 NYCRR 2801.19 [a] [4]; *see* Tax Law § 1607 [d]). Here, it cannot be said that the revocation of petitioner's lottery license " 'is so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness' " (*Matter of Pell v Board of Educ. of Union Free School Dist. No.*

*1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]; *see Matter of Verney v New York State Liq. Auth.*, 94 NY2d 779 [1999]). Present—Scudder, P.J., Peradotto, Carni, Green and Gorski, JJ.