■ In the Matter of Amos Doctor, Petitioner, v New York State Office of Alcoholism and Substance Abuse Services et al., Respondents. [976 NYS2d 329]—

Egan Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Alcoholism and Substance Abuse Services which revoked petitioner's credential.

At all times relevant to this proceeding, petitioner was employed by respondent Office of Alcoholism and Substance Abuse Services (hereinafter OASAS) as an Addictions Counselor I at the Bronx Addiction Treatment Center in Bronx County. Pursuant to the terms of his employment, petitioner was required to maintain a Credentialed Alcoholism and Substance Abuse Counselor (hereinafter CASAC) credential, which is issued by OASAS. Petitioner received his CASAC credential in 2004 and successfully renewed that credential, as required, in 2006 and 2008.

In February 2009, OASAS issued a notice of discipline to petitioner alleging four specifications of misconduct and seeking termination of petitioner's employment; three of the charges alleged an inappropriate relationship with a female client at the facility (hereinafter client A), and the remaining charge alleged that petitioner created a hostile work environment with regard to his purported attempt to establish a personal relationship with an intern at the facility. An arbitration hearing ensued, at which both client A and the intern appeared and testified. At the conclusion of that hearing, the arbitrator dismissed all four charges and specifications against petitioner finding, among other things, that the testimony offered by client A and the intern was not credible. Specifically, the arbitrator noted that client A admitted that she had "feelings" for petitioner and that she had acknowledged—on a self-assessment form completed in connection with her treatment—that she was only sometimes honest with herself and others. Additionally, the arbitrator found that not only did the intern delay in reporting

the allegedly offending conduct for almost one year but, once the incident was reported, no action was taken by facility staff—prompting the arbitrator to "question the entire matter," including the credibility of the staff member to whom the alleged misconduct was reported. Finally, the arbitrator called into question the veracity of an unsworn witness statement given by another client at the facility (hereinafter client B).[1]

In the interim, and while the arbitration proceeding was still pending, petitioner's supervisor lodged a complaint against petitioner alleging violations of certain canons of ethics relative to his CASAC credential. A review of the CASAC complaint and the prior notice of discipline reveals that both documents were predicated upon substantially the same conduct involving client A and the intern—although the CASAC complaint raised additional allegations with respect to an incident wherein petitioner purportedly made an inappropriate comment regarding certain clothing worn by another client at the facility (hereinafter client C). Following a hearing, at which none of the individuals who were either targets of the alleged misconduct (clients A and C and the intern) or a witness thereto (client B) testified, the Hearing Officer—relying primarily upon the testimony offered by OASAS's investigator—recommended that petitioner's CASAC credential be revoked. Respondent Commissioner of Alcoholism and Substance Abuse accepted the Hearing Officer's recommendations and revoked petitioner's CASAC credential; OASAS, in turn, terminated petitioner's employment based upon his failure to maintain his CASAC credential. Petitioner then commenced this proceeding pursuant to CPLR article 78 to challenge that determination.

Petitioner's primary contention on review is that the determination revoking his CASAC credential is not supported by substantial evidence in the record as a whole—specifically, that the hearsay evidence adduced at the hearing was insufficient to establish the alleged ethical violations. Substantial evidence has long been defined as "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*Matter of Berenhaus v Ward*, 70 NY2d 436, 443 [1987] [internal quotation marks and citations omitted]; *accord Matter of Dewitt v New York State Bd. of Law Examiners*, 90 AD3d 1457, 1457 [2011], *lv denied* 18 NY3d 810 [2012]; *Matter of Diehsner v Schenectady City School Dist.*, 152 AD2d 796, 797

---

1. Client B, who did not testify at the arbitration hearing and who was "tired" of listening to client A talk "every night" about how much she "like[d]" petitioner, allegedly overheard a conversation between client A and petitioner wherein petitioner attempted to give client A his phone number.

[1989]; *see Matter of Rauschmeier v Village of Johnson City*, 91 AD3d 1080, 1082 [2012], *lv denied* 19 NY3d 802 [2012]). In this regard, an administrative determination may be based entirely upon hearsay evidence (*see Matter of JMH, Inc. v New York State Liq. Auth.*, 61 AD3d 1260, 1261 [2009]; *Matter of S & S Pub, Inc. v New York State Liq. Auth.*, 49 AD3d 654, 655 [2008])—provided such evidence is "sufficiently relevant and probative" (*Matter of Diehsner v Schenectady City School Dist.*, 152 AD2d at 797; *see Matter of A-Plus v New York State Lottery*, 71 AD3d 1372, 1373 [2010], *lv denied* 14 NY3d 714 [2010]; *Matter of Café La China Corp. v New York State Liq. Auth.*, 43 AD3d 280, 281 [2007]) or "sufficiently reliable" (*Matter of Abdur-Raheem v Mann*, 85 NY2d 113, 119 [1995]; *accord Matter of Pugliese v Remington Arms*, 293 AD2d 897, 897 [2002]; *Matter of Russo v HRT, Inc. of Orange County*, 246 AD2d 933, 936 [1998], *lv denied* 91 NY2d 815 [1998]) and is not otherwise "seriously controverted" (*Matter of Today's Lounge of Oneonta, Inc. v New York State Liq. Auth.*, 103 AD3d 1082, 1083 [2013] [internal quotation marks and citations omitted]; *accord Matter of McGillicuddy's Tap House, Ltd. v New York State Liq. Auth.*, 57 AD3d 1052, 1054 [2008]; *Matter of Ridge, Inc. v New York State Liq. Auth.*, 257 AD2d 625, 626 [1999]).

As noted previously, the substance of both the unsuccessful disciplinary proceeding and the related CASAC proceeding boiled down to petitioner's alleged efforts to either form inappropriate relationships with or make offensive comments to certain female clients and/or a coworker at the treatment facility. Two of those individuals—client A and the intern—testified at the arbitration hearing and were found to be not credible, and a similar determination was made with respect to the unsworn statement given by client B. None of the relevant individuals—clients A, B or C or the intern—testified at the CASAC hearing. Rather, OASAS relied upon certain progress notes recorded in client A's and C's medical charts, the unsworn statements given by clients A and B and the testimony of its investigator, who interviewed clients A and C.[2]

Although we have no doubt that the investigator conducted

---

**2.** Additionally, two of petitioner's coworkers testified that they saw petitioner engaged in a conversation with client A at a particular date and time. Petitioner, however, disputed only the substance of that conversation—not the fact that it occurred—and the record reflects that the coworkers had no firsthand knowledge as to the content of this conversation. Notably, there is nothing in the record to suggest that the mere fact that a conversation occurred between client A and petitioner constituted improper conduct.

thorough interviews with many of those involved[3] and accurately related—in both his report and his corresponding testimony—the specific information gleaned therefrom, we cannot say—given the particular facts of this case—that the hearsay proof adduced at the hearing was "the kind of evidence on which responsible persons are accustomed to rely in serious affairs" (*Matter of Diehsner v Schenectady City School Dist.*, 152 AD2d at 797 [internal quotation marks and citations omitted]). In addition to the credibility issues previously identified by the arbitrator with respect to client A and the intern, the record reflects that client C, to whom petitioner allegedly made an inappropriate comment regarding her clothing, also indicated that she was honest with herself and others only some of the time, and the record reflects that client C was able to recall the relevant incident only after prompting by the investigator. All of these issues cast serious doubt upon the credibility of petitioner's accusers and, for that reason, we do not find the hearsay evidence presented at the CASAC hearing to be sufficiently reliable to support the determination revoking petitioner's CASAC credential. Accordingly, the underlying determination is annulled. In light of this conclusion, we need not address petitioner's alternative arguments.

Rose, J.P., Lahtinen and Garry, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted to that extent, and matter remitted to respondent Office of Alcoholism and Substance Abuse Services for further proceedings not inconsistent with this Court's decision.

---

**3.** Client B, who did not testify at the arbitration hearing, was not interviewed by the investigator.