Memorandum. The order of the Appellate Division should be reversed and the determination of the State Commissioner of Social Services annulled.
The courts below have sustained a determination, made after a fair hearing, which discontinued assistance to appellant and her four children under the aid to families with dependent children program, on the ground that her husband was residing in the household and was fully employed and that appellant had concealed this fact from the local Department of Social Services. We conclude that there is insufficient evidence in the record to sustain the commissioner’s determination.
We start with a realistic recognition that in cases like this the local department necessarily confronts practical obstacles in gathering direct proof of the presence of a man in the household. In the first place proof of the presence of the man is not readily available to the department. In the second, in some instances this difficulty is aggravated by a calculated determination on the part of the recipient to conceal his presence. From the opposite perspective, proof that there is no man in the house—essentially a negative proposition—can present very real difficulties to a conscientious recipient.
In this instance the concern of the local department was triggered by an anonymous telephone call from an unknown, unidentified informer. The proof adduced at the fair hearing on behalf of the agency was entirely documentary, introduced by an agency representative who had no personal knowledge of the case. The agency history sheet disclosed that appellant had informed the department on August 1, 1974 that her husband was no longer in the household. On February 5, 1975 the department received the tip from the informer that the husband was employed and resided with his wife and children, and an investigation was promptly launched. The lease of the *903 apartment in which appellant lived had been prepared in the names of both husband and wife, but the tenant’s copy of the lease and of the tenant’s rules and regulations was signed only by appellant. (Neither party produced the landlord’s copy of the lease.) The so-called "move and collect notice” of the Public Housing Authority bore only appellant’s name and reflected only her income from welfare. There had been an erasure change of the number of persons in the household from 6 to 5 which appellant testifed had been made by the assistant in the housing manager’s office. In response to a question-form from the department the husband’s employer reported that the husband claimed six exemptions for tax purposes and gave his address as the home in which husband and wife and children had concededly lived together before appellant moved into public housing. A form request to the postal authorities brought the information, without identification of source, that mail for the husband was being delivered to appellant’s apartment. The local welfare investigator was not present at the hearing, and no proof was offered of any on-site investigation by the local department. Nor was there any proof of refusal or hesitancy on the part of appellant to respond to or to co-operate with the welfare agency.
Appellant testified that her husband had accompanied her to the management offices of the housing authority when she sought public housing, but that he had never lived with her in the public housing, that she had so informed the authority when she moved in, and that the only mail she had received addressed to her husband contained insurance premium notices, presumably with respect to policies which named her and their children as beneficiaries.
The local department will be free, of course, on the basis of a further, current and more thorough investigation to make a new determination, if warranted, to discontinue appellant’s assistance on the ground that she is concealing her husband’s presence in the household. In the very sparse state of the present fair hearing record, however, even making allowance for the practical difficulties of proving the presence of the husband in the household, we conclude that the commissioner’s present determination is not supported by substantial evidence. Accordingly, it should be annulled.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
*904 Order reversed, with costs, and determination of the State Commissioner of Social Services annulled in a memorandum.