■   JOHN WILLMAN, an infant, by His Mother and Natural Guardian, MARILYN WILLMAN, Appellant, v BOWLING GREEN GRADE SCHOOL, EAST MEADOW SCHOOL DISTRICT No. 3, Respondent, et al., Defendant.—In a negligence action to recover damages for personal injuries, etc., plaintiff appeals from an order of the Supreme Court, Nassau County, entered October 27, 1976, which (1) granted the motion for summary judgment made by defendant-respondent and (2) denied his cross motion for leave to file a late notice of claim. Order affirmed, without costs or disbursements (see *Matter of Pauletti v Freeport Union Free School Dist,* 59 AD2d 556). Damiani, J. P., and Shapiro, J., concur. Mollen and O'Connor, JJ., concur in the result on constraint of *Matter of Pauletti v Freeport Union Free School Dist* (59 AD2d 556).

■   In the Matter of MYRNA AYALA, Petitioner, v PHILIP L. TOIA, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated January 4, 1977 and made after a statutory fair hearing, which affirmed a determination of the local agency to discontinue petitioner's public assistance grant due to the unreported presence in the household of her husband. Determination annulled, on the law, without costs or disbursements, petition granted, and respondents are directed to reinstate petitioner's public assistance grant. The evidence submitted by the local agency at the fair hearing was clearly hearsay. Although hearsay evidence is admissible in administrative proceedings, there nonetheless must be a "residuum of legal evidence to support the claim" *(Matter of Carroll v Knickerbocker Ice Co.,* 218 NY 435, 440). Moreover, uncorroborated hearsay evidence does not constitute the substantial evidence upon which an administrative decision must be based (see *Edison Co. v Labor Bd.,* 305 US 197; *Matter of Hagood v Berger,* 42 NY2d 901). Additionally, there is no evidence in the record indicating that petitioner deliberately concealed or withheld information from the local agency. Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.