■ In the Matter of MARTHA DOWNING, on Behalf of Herself and Her Three Infant Children, Petitioner, v CARMEN SHANG, Individually and as Acting Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Acting Commissioner of the New York State Department of Social Services, dated August 25, 1977, which, after a statutory fair hearing, affirmed a determination of the local agency to discontinue petitioner's grant of public assistance. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. Petitioner, her husband who was residing with her, and their three children, were recipients of public assistance from May through September, 1976. During this period the husband was unemployed. In the middle of September, 1976 petitioner notified the Department of Social Services that her husband had left the household. The department then approved a grant of public assistance under the aid to dependent children program. Such assistance continued through June 22, 1977 when the local Department of Social Service determined that the assistance should be terminated on the grounds that the petitioner's husband, who had subsequently found employment, had not left home as she claimed, but had been residing with her, and that she had willfully withheld this information from the agency. After a statutory fair hearing, the Acting Commissioner of the State Department of Social Services affirmed the determination of the local agency to discontinue the public assistance grant. This proceeding was then commenced. Petitioner, citing *Matter of Hagood v Berger* (42 NY2d 901), argues that the determination to terminate petitioner's public assistance grant was based on uncorroborated hearsay evidence which does not constitute the substantial evidence upon which an administrative decision must be based (see, also, *Matter of Ayala v Toia,* 59 AD2d 739). We disagree. The significant documentary evidence gathered by the respondents, although hearsay, was corroborated. Therefore, this case is distinguishable from *Hagood* and *Ayala (supra).* At the hearing the uncle of petitioner's husband testified that the husband resided with him after he left petitioner except when the husband stayed with his mother. The husband's mother testified that he stayed with her after he left petitioner except when he stayed with his uncle. However, there were discrepancies in the dates given by these witnesses which clearly gave rise to a justifiable inference that they were lying in order to help petitioner. In her testimony, petitioner admitted that her husband (1) stayed with her children for a week in the winter when she was hospitalized, (2) paid part of the rent and utility bills during July, 1977, (3) regularly visited her and the children and (4) helped her move into a new apartment. In *Matter of Hagood v Berger* (42 NY2d 901, 902, *supra),* the Court of Appeals expressed a "recognition that in cases like this the local department necessarily confronts practical obstacles in gathering direct proof of the presence of a man in the household." In view of these "practical obstacles" the courts should be alert to take note in appropriate cases of evidence which corroborates the agency's position in these matters. Otherwise, the bona fide

attempt of the responsible agency to monitor and check public assistance grants will be frustrated, thereby causing an unjustified raid on the public treasury. Damiani, J. P., Titone, Suozzi and Rabin, JJ., concur.