■ In the Matter of DOLORES GARDON, Petitioner, v PHILIP TOIA, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated July 1, 1977, which, after a statutory fair hearing, affirmed a determination of the local agency denying petitioner's application for public assistance. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. In his determination after a fair hearing, the State commissioner found that the father of one of petitioner's children lives with the petitioner. Petitioner contends that she was denied due process in that she was not given notice that the presence of a "man-in-the house" was the basis for the agency's denial of assistance and that the determination of the State commissioner that the father of one of her children lives with her was not supported by substantial evidence. At the fair hearing, petitioner was represented by counsel and she and her friend, Fred McQueen, testified. It is clear from the minutes of the fair hearing that petitioner's right to written notification that one of the grounds for the agency's denial of her application was the presence of McQueen in her household was expressly waived by her counsel. Petitioner testified that McQueen is the father of one of her children, spends two or three nights a week at her home, has occasionally given her financial assistance, has his mail delivered to her home and uses her address for his automobile registration. In 1976 they filed a joint income tax return from that address.

McQueen testified that he lives at his brother's home where he rents a room. He explained that he uses the petitioner's address for his automobile registration because he is at petitioner's home "frequently". On this record, the determination was supported by substantial evidence (cf. *Matter of Hagood v Berger,* 42 NY2d 901). Mollen, P. J., Latham, Damiani and Titone, JJ., concur.