■ In the Matter of CONSUELO NUNEZ, Petitioner, v BARBARA B. BLUM, as Commissioner of the Department of Social Services of the State of New York, et al., Respondents.—Determination by the Commissioner of the State of New York Department of Social Services, dated May 19, 1978, terminating petitioner's public assistance grant, unanimously annulled, on the law, without costs or disbursements, and the matter remanded for further proceedings. We are confronted with the recurring problem of a determination by the State Commissioner of Social Services based upon an inadequate record at a fair hearing. Petitioner challenged the local agency's discontinuance of assistance under the aid to dependent children program on the ground that her husband was residing in the household, which fact she had not disclosed to the agency. On this application petitioner claims a denial of procedural due process, specifically alleging lack of adequate notice of the agency's intended action. At the hearing the agency failed to offer a copy of its notice to discontinue, and the hearing officer did not ask for its produc-

tion. The hearing officer perfunctorily advised petitioner, who testified through an interpreter, that she had the right to question the agency's witnesses. In point of fact, she was never afforded the opportunity. She was not advised of her right to have an attorney present. Although the notice sent to her might have advised her of such right, on this record we have no way of knowing. Moreover, the agency's case consisted entirely of documentary evidence. Outside of posing one question to petitioner, the agency representative confined himself to the placing of three inconclusive documents in evidence and offering a brief explanation of their contents. The local welfare investigator was not present and evidence was not offered of any on-site investigation, which would have resolved the issue. In light of the infirmities in this record, we are not disposed to find substantial evidence based on the interpretation which respondent attaches to petitioner's explanation. (See *Matter of Hagood v Berger,* 42 NY2d 901.) Accordingly, we annul and remand. The local agency may avail itself of the opportunity to conduct a more thorough investigation in support of a new determination, or, if it be so inclined, to present its case, *de novo,* on a fuller record. Concur—Fein, J. P., Sullivan, Markewich, Silverman and Ross, JJ.