■ In the Matter of BARBARA SEIDEL, Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent State Commissioner of Social Services, dated October 4, 1978 and made after a statutory fair hearing, which affirmed a determination of the local agency to discontinue a grant of aid to dependent children to petitioner on the grounds that she willfully refused to provide information on her household composition and the support she was receiving. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and respondents are directed to restore petitioner's grant and any benefits previously withheld pursuant to their determinations. The record establishes that petitioner's grant was terminated solely as the result of her refusal to give permission to a special investigator from the Special Investigations Unit of the Nassau County Department of Social Services to check petitioner's closets and drawers for the presence of men's clothing during an unannounced visit prompted by the receipt of an anonymous tip that a man was present in the household. Petitioner was justified in refusing to allow the investigator to proceed in this manner, and her grant must therefore be restored. A recipient of public assistance, no less than the average citizen, is entitled to be free from unreasonable searches under the Fourth Amendment to the Constitution. In this instance, the investigator seeking permission to search petitioner's

home was interested in potential law violations rather than assistance, rehabilitation, or possible exploitation of a child. The surprise visit had snooping within the house as its primary purpose, and petitioner's privacy was disregarded. Although we are certainly sympathetic to the difficulty faced by a local agency in gathering direct proof of the presence of a man in the household (see *Matter of Hagood v Berger,* 42 NY2d 901), we cannot sanction the tactics employed in this instance (see *Reyes v Edmunds,* 472 F Supp 1218). Gibbons, J. P., Gulotta, Margett and O'Connor, JJ., concur.