**47** In the Matter of HARLEY H. ALVERSON, Petitioner, v STATE DIVISION OF HUMAN RIGHTS, on Complaints of YVONNE GREY and Another, Respondent.—Determination confirmed without costs and petition dismissed. Memorandum: The Commissioner determined that petitioner, a licensed real estate broker, discriminated against complainants on account of their race and color by refusing to show them a house that had been listed for rent. The Commissioner awarded each complainant $7,500 in compensatory damages for mental anguish and humiliation. The determination is supported by substantial evidence (see, *Matter of Berenhaus v Ward*, 70 NY2d 436, 443). The award is not excessive (see, *Szpilzinger v New York State Div. of Human Rights*, 160 AD2d 196, *lv denied* 76 NY2d 707) and is supported by the complainants' testimony (*Cullen v Nassau County Civ. Serv. Commn.*, 53 NY2d 492, 497). The delay between the filing of the charges and the Division's order resolving them is not prejudicial as a matter of law (see, *Matter of State Div. of Human Rights v St. Elizabeth's Hosp.*, 66 NY2d 684, 687; *State Div. of Human Rights v Chicago Pneumatic Tool Co.*, 110 AD2d 1080) and petitioner has failed to establish any actual injury (see, *Matter of Sarkisian Bros. v State Div. of Human Rights*, 48 NY2d 816, 818).

All concur except Balio, J., who concurs in the following Memorandum.

Balio, J. (concurring). I agree that the Commissioner's determination is supported by substantial evidence and that the award is not excessive. Further, I acknowledge that *Matter of Sarkisian Bros. v State Div. of Human Rights* (48 NY2d 816, 818) compels the conclusion that, absent actual prejudice, the passage of time does not warrant annulment of the Commissioner's determination. I write separately, however, because of my perception that the Division's lengthy delay in reaching a final determination has become so blatant and routine that the statutory time directive is a mockery, necessitating some action.

The subject complaints were filed with the Division on April 27, 1984. The Division made a finding of probable cause and referred the matter for a hearing on June 8, 1984. The

hearing commenced on January 11, 1989, four and one-half years later, and after two adjournments, was concluded on September 18, 1989. The Administrative Law Judge rendered his recommendation on July 27, 1990, and the Commissioner issued his determination and order on September 27, 1990. Thus, the delay between commencement and final determination was six years and five months. This delay is unfair to both complainants and respondents.

The Division attributes the delay to budgetary and personnel constraints. The Division does not, however, suggest that it has implemented any management techniques designed to curb the delay. When faced with extreme delay which endangers due process and access to justice, there is an obligation to undertake special measures designed specifically to attack that delay (see, e.g., this Department's Indigent Criminal Appeals Management Program [22 NYCRR part 1021], which has successfully reduced and virtually eliminated delay in the processing and determination of appeals by indigent defendants in criminal cases).

If the Division is unable to develop a management strategy to reduce the period of delay, then perhaps the Legislature should address the issue and determine whether, as a matter of policy, the current practice should continue or whether the time period (or a different time period) should be enforced as a Statute of Limitations.

Although the statutory period is directive and not mandatory, a respondent facing delay beyond the statutory period is not without a remedy. Despite the additional burden and cost, a respondent could institute a CPLR article 78 mandamus proceeding to compel compliance with the statutory period (see, Matter of Rothman v Thurston, 67 Misc 2d 543, 544 [mandamus proper remedy to compel court to comply with directory time period of CPLR 2219]). (Proceeding Pursuant to Executive Law § 298 Transferred by Order of Supreme Court, Onondaga County, Reagan, J.) Present—Denman, P. J., Callahan, Green, Pine and Balio, JJ.