■ In the Matter of ELMER FLOYD, Petitioner, v SALLY HERNANDEZ-PINERO, as Chairperson of the New York City Housing Authority, et al., Respondents. [603 NYS2d 847] —The petition brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Beverly S. Cohen, J.], entered February 1, 1993) unanimously granted, and the determination of respondent New York City Housing Authority dated June 11, 1992, that petitioner was ineligible for public housing, annulled, without costs.

At the informal administrative hearing held to review the denial of petitioner's application for public housing, the only evidence indicating that petitioner was an undesirable potential tenant was the hearsay statement of his prior landlord as recounted by a department employee who had spoken with the investigator who had spoken with the landlord on the telephone. This statement indicated that petitioner had damaged his prior apartment, had used drugs and had had heavy traffic in and out of the apartment. These statements must be

considered in the light of evidence that no action had been taken against petitioner based on such allegations during his ten year tenancy, as well as the fact that the prior landlord may have borne petitioner an animus due to his having had a history of nonpayment and his having obtained a stipulation in a nonpayment proceeding which required the landlord to perform certain repairs. In addition, the only other person interviewed by the investigator, the superintendent of petitioner's prior building and his former next-door neighbor, had stated that petitioner had not engaged in any anti-social behavior.

Under these circumstances, we find that the decision upholding the denial of public housing based on a history of destroying property and disturbing neighbors was not supported by substantial evidence. Concur—Carro, J. P., Rosenberger, Ellerin and Kassal, JJ.