■ In the Matter of NEW YORK STATE DIVISION OF HUMAN RIGHTS, Petitioner, v ALMERIGO COLUCCI et al., Respondents. [604 NYS2d 228] —Proceeding pursuant to Executive Law § 298 to enforce an order of the Commissioner of the New York State Division of Human Rights, dated November 3, 1986, which, upon a determination that the respondents discriminated against the complainants because of their marital status, race,

and color, *inter alia,* awarded each complainant $25,000 in compensatory damages.

Adjudged that the petition is denied, with costs, the determination is annulled, on the law, the proceeding is dismissed, and the charges against the respondents are dismissed.

In November 1986 after a hearing held pursuant to Executive Law § 297 (4), the Commissioner of the New York State Division of Human Rights (hereinafter the petitioner) found that Almerigo and Ivo Colucci (hereinafter the respondents) discriminated against the complainants, an unmarried, African-American couple, by refusing to rent an apartment to them on the basis of their marital status, race, and color. Almost five years later, the petitioner commenced this proceeding to enforce the order which, among other things, required the respondents to pay each of the complainants $25,000 in compensatory damages. In opposition to the petition, the respondents allege that the petitioner's determination is not supported by substantial evidence, and therefore enforcement of the petitioner's order is inappropriate *(see,* Executive Law § 298; *Matter of State Div. of Human Rights v Bystricky,* 30 NY2d 322, 326). We agree, and deny the petition.

The evidence adduced at the hearing before the petitioner established that one of the brokers employed by the real estate agency with which the respondents had listed their apartment for rental showed the complainants the apartment and another broker accepted their binder on or about April 28, 1985. The petitioner failed to establish through probative evidence when this information was conveyed to the respondents. One of the complainants testified that she repeatedly telephoned the real estate agents during the ensuing week, and was told that they had been unable to contact the respondent Almerigo Colucci. Moreover, Almerigo Colucci, whose testimony was not credited by the Commissioner, asserted that he did not learn of the complainants' offer until after he had accepted a binder from a third party. The record does establish that the complainants did not meet Almerigo Colucci until May 5, at which time he would not accept their deposit but told them that he would get back to them on May 7. The woman to whom the apartment was ultimately rented testified that she responded to a newspaper advertisement and that she dealt directly with Almerigo Colucci. She gave him a binder on the morning of May 3, and, pursuant to their arrangements, notified him on the afternoon of May 5 as to her ultimate decision to rent the apartment. While not dispos-

itive, we note that the record further establishes that some of the respondents' tenants are African-American and some of his tenants are unmarried.

Based upon the foregoing, it cannot be said that the Commissioner's determination that the respondents refused to rent their apartment to the complainants because they are an unmarried, African-American couple, is supported by substantial evidence on the record considered as a whole (Executive Law § 298). Contrary to the petitioner's contentions, the evidence upon which it alleged that the Commissioner relied to support his determination is not conflicting (see, Matter of State Div. of Human Rights v County of Onondaga Sheriff's Dept., 71 NY2d 623, 630-631); it is simply absent from this record. Thus the determination of discrimination and the order entered pursuant thereto must be annulled, and the petition for enforcement of that order denied.

However, we find no merit to the respondents' contention that sanctions should be imposed against the petitioner. Mangano, P. J., Sullivan, Lawrence and O'Brien, JJ., concur.