■ In the Matter of ANTONIO FEGGOUDAKIS, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, Respondent. [646 NYS2d 175] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Division of Human Rights dated July 27, 1994, which adopted the recommendation of an Administrative Law Judge, made after a hearing, finding that the petitioner had engaged in an unlawful discriminatory practice and awarded compensatory damages of $5,000 each to the complainants Merle Montague and Simpson Gray, and punitive damages of $2,500 each to the complainants Merle Montague, Simpson Gray, and Gloria Nickson-Harris.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent of vacating the award of $2,500 in punitive damages to the complainant Gloria Nickson-Harris, the determination is otherwise confirmed, and the proceeding is otherwise dismissed, on the merits.

Contrary to the petitioner's contentions, substantial evidence was adduced at the hearing to establish that he committed an unlawful discriminatory practice by refusing to sell a piece of real property to the complainant Merle Montague because of her race (see, Executive Law § 296 [5] [a] [1]; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 183; *Matter of Van Cleff Realty v New York State Div. of Human Rights,* 216 AD2d 306; *Matter of Fugardi v Angus,* 216 AD2d 85; *Matter of Kearns v New York State Div. of Human Rights,* 208 AD2d 927; *Matter of Alverson v State Div. of Human Rights,* 181 AD2d 1019). Furthermore, the complainant Simpson Gray, the realtor who represented Ms. Montague, and who is also black, was also a victim of the petitioner's discrimination. In pertinent part, Executive Law § 296 (13) provides: "It shall be an unlawful discriminatory practice (i) for any person to discriminate against * * * or to refuse to buy from, sell to or trade with, any person, because of the race, creed, color * * * of such person, or of such person's * * * customers". Thus, insofar as the evidence demonstrated that the petitioner refused to deal with Mr. Gray because of Ms. Montague's race, an unlawful discriminatory practice was established.

The amounts of compensatory damages awarded to Ms. Montague and Mr. Gray were not excessive under the circumstances (see, *State Div. of Human Rights v Dynasty Hotel,* 222 AD2d 263; *Matter of Van Cleff Realty v New York State Div. of Human Rights,* 216 AD2d 306, *supra; Matter of Fugardi v An-*

*gus,* 216 AD2d 85, *supra; Matter of Quality Care v Rosa,* 194 AD2d 610; *Matter of Alverson v State Div. of Human Rights,* 181 AD2d 1019, *supra),* and their awards of punitive damages were likewise appropriate exercises of discretion (Executive Law § 297 [4] [c] [iv]; *Matter of Van Cleff Realty v New York State Div. of Human Rights, supra).* However, the award of punitive damages to Ms. Nickson-Harris is not supported by substantial evidence *(see, Matter of New York State Div. of Human Rights v Colucci,* 199 AD2d 268). The amended complaint alleged that she was a black realtor who attempted to negotiate with the petitioner on behalf of a black client. However, her testimony demonstrated only that she was Mr. Gray's employer, and that Mr. Gray recounted to her his dealings with the petitioner. Therefore, we discern no basis to support any award of damages to this complainant.

We have reviewed the petitioner's remaining contentions and find them to be without merit. Miller, J. P., O'Brien, Sullivan and Altman, JJ., concur.