■ In the Matter of NEW YORK STATE DIVISION OF HUMAN RIGHTS, on Complaint of ALTHERIA ANDERSON, Petitioner, v JOSEPH GRUZDAITIS et al., Respondents. [696 NYS2d 330] —Petition unanimously granted without costs. Memorandum: Petitioner commenced this proceeding for judicial enforcement of its determination that respondents had discriminated against complainant, their tenant, on the basis of her race. Petitioner contends that the finding of discrimination is supported by substantial evidence; that the award of $10,000 in compensatory damages and $10,000 in punitive damages is not excessive; and that retroactive application of the punitive damages amendment to the Human Rights Law is appropriate. We agree and thus grant the petition in its entirety (*see, Matter of City of New York v New York State Div. of Human Rights,* 250 AD2d 273, 278; *Matter of New York State Dept. of Correctional Servs. v State Div. of Human Rights,* 241 AD2d 811; *Matter of Feggoudakis v New York State Div. of Human Rights,* 230 AD2d 739; *Matter of Van Cleef Realty v New York State Div. of Human Rights,* 216 AD2d 306, 306-307; *Matter of Alverson v State Div. of Human Rights,* 181 AD2d 1019; *Matter of State Div. of Human Rights v Muia,* 176 AD2d 1142, 1143; *see also,* Executive Law § 297 [4] [c] [iv]).

We conclude, with respect to the award of punitive damages, that the statutory amendment, which was enacted in July 1991 and declared to be effective "immediately" (L 1991, ch 368, § 7), was appropriately applied retroactively to this complaint, which was filed in January 1991 and stems from acts of discrimination occurring in 1989 and 1990. It is well established that "[r]emedial statutes constitute an exception to the general rule that statutes are not to be given a retroactive operation" (McKinney's Cons Laws of NY, Book 1, Statutes § 54 [a]). Thus, in the absence of language indicating a contrary intent, "a remedial statute is ordinarily applied to procedural steps in pending actions, and is given retrospective effect in so far as the statute provides a change in the form of a remedy or provides a new remedy for an existing wrong" (Comment, McKinney's Cons Laws of NY, Book 1, Statutes § 54, citing *Shielcrawt v Moffett,* 294 NY 180; *see also, Snyder v Newcomb Oil Co.,* 194 AD2d 53, 60; *Thomas v State of New York,* 179 AD2d 945, 946). (Executive Law § 298 Proceeding Transferred by Order of Supreme Court, Erie County, Mahoney, J.) Present—Green, J. P., Hayes, Pigott, Jr., and Scudder, JJ.