■ In the Matter of STATE DIVISION OF HUMAN RIGHTS, Petitioner v RHS MANAGEMENT CORPORATION, Respondent. [707 NYS2d 123] —Proceeding pursuant to Executive Law § 298 for enforcement of an order of the Commissioner of the New York State Division of Human Rights, dated December 2, 1994, which, after a hearing, found that the respondent had unlawfully discriminated in the rental of available housing on the basis of race and color and awarded the complainant $5,000 in compensatory damages and $500 in punitive damages.

Adjudged that the petition is denied, without costs or disbursements, the determination is annulled, and the proceeding is dismissed on the merits.

The complainant's claim is based upon the fact that the respondent RHS Management Corporation (hereinafter RHS), did not rent to her a townhouse which had been advertised as available for rent or purchase. The complainant acknowledges that she was only interested in renting, not purchasing, and that she informed a real estate agent of her offer to rent the townhouse for $1,600 per month. The real estate agent thereaf-

ter informed her that RHS claimed the townhouse was no longer available because it had a prospective buyer and was not interested in renting. The complainant later ascertained that the townhouse was still available, and surmised that RHS had not entertained her offer because she is black. The real estate agent did not testify at the hearing.

RHS contends that it did not rent the townhouse to the complainant because it was unaware of her offer, and because it intended to sell the townhouse, and would rent it only as a last resort. Ultimately, the apartment was sold to an individual who gave a $19,000 down payment and entered into a short-term lease so she could live in the premises until she could obtain the financing necessary to purchase it.

After the hearing, the Administrative Law Judge recommended that the complaint be dismissed because, *inter alia*, the representative of RHS "testified without contradiction" that the real estate agent never reported the complainant's offer to him, and that RHS was interested in selling, not renting. The Deputy Commissioner, exercising her right to reject the recommendation, found that the testimony offered by RHS was not credible.

It is undisputed that no employee of RHS ever met the complainant. There is no evidence that RHS knew she was black. Further, there is no evidence in this record that RHS entertained any offers from other persons only interested in renting.

Substantial evidence "does not [a]rise from bare surmise, conjecture, speculation or rumor" (*300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180), nor from the absence of evidence supporting a contrary conclusion (*see, Matter of New York State Div. of Human Rights v Colucci,* 199 AD2d 268). In view of the dearth of evidence to support the complainant's contention that RHS did not rent the townhouse to her because she is black, the petition must be denied, the determination annulled, and the proceeding dismissed. O'Brien, J. P., Sullivan, Goldstein and H. Miller, JJ., concur.