■ In the Matter of ANA PENA, Petitioner, v JERRY MULLIGAN et al., Respondents. [820 NYS2d 809]—

Proceeding pursuant to CPLR article 78 to review a determination of the Westchester County Department of Planning, dated December 29, 2004, which, after a hearing, confirmed the termination of the petitioner's participation in the Section 8 Housing Choice Voucher Program (*see* 42 USC § 1437f [b] [1]).

Adjudged that the petition is granted, without costs or disbursements, the determination is annulled, and the respondents are directed to reinstate the petitioner in the Section 8 Housing Choice Voucher Program effective January 31, 2005.

In 200, the petitioner became a participant in Westchester County's Section 8 Housing Choice Voucher Program (*see* 42 USC § 1437f [b] [1]). On July 1, 2004, after three years of participation therein, the petitioner was notified that she was being terminated from that program. The Westchester County Department of Planning alleged, inter alia, that the petitioner had "failed to supply truthful and complete information and/or

documentation required to determine [her] family income and composition," and to "receive written approval from the Section 8 office" before adding her estranged husband to her household. The termination was precipitated by an anonymous· letter reporting that the petitioner's estranged husband was residing with her. Following a hearing, a hearing officer upheld the termination based on the petitioner's failure to provide her 2001 tax return.

The determination of a hearing officer must be supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176 [1978]; *Matter of Hagood v Berger,* 42 NY2d 901, 903 [1977]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222 [1974]; *Matter of Henny v Weinberg,* 80 AD2d 831, 833 [1981]). Under the circumstances of this case, the evidence was not sufficient to establish that the petitioner's estranged husband was residing with her or that she had failed to provide truthful financial information and/or documentation that was relevant to her termination from the program (*see Matter of Hagood v Berger, supra; Matter of Riggins v Lannert,* 18 AD3d 560, 561 [2005]; *Matter of Floyd v Hernandez-Pinero,* 198 AD2d 135, 135-136 [1993]; *Matter of Henny v Weinberg, supra*).

The petitioner's remaining contention need not be reached in light of our determination. Crane, J.P., Mastro, Skelos and Dillon, JJ., concur.