■ In the Matter of ELLEN ADLER et al., Petitioners, v SHARON HOOPER et al., Respondents. [928 NYS2d 731]—

Adjudged that the petition is granted, on the law, to the extent of annulling so much of the determination as found that the petitioners Ellen Adler and Harbor Air Express, Inc., unlawfully discriminated against the complainant based on her disability, and awarded the complainant damages, payable by the petitioners Ellen Adler and Harbor Air Express, Inc., the cross petition is granted, on the law, to the extent of enforcing so much of the determination as found that the petitioner Barian Shipping Company, Inc., unlawfully discriminated against the complainant based on her disability, and awarded the complainant damages, payable by the petitioner Barian Shipping Company, Inc., the petition and cross petition are otherwise denied, and the proceeding is otherwise dismissed, without costs or disbursements.

In August 2003 Sharon Hooper (hereinafter the complainant) filed an administrative complaint with the New York State Division of Human Rights (hereinafter the Division) against the respondents Barian Shipping Company, Inc. (hereinafter Barian) and Harbor Air Express, Inc. (hereinafter Harbor), alleging discrimination based on disability. At a May 2007 hearing before administrative law judge (hereinafter ALJ) Bowden, the complainant sought unsuccessfully to add as a respondent Ellen Adler, the vice-president of Barian and Harbor. ALJ Bowden ultimately recommended dismissal of the proceeding.

In October 2007 the Division's Commissioner, on her own motion, amended the caption and the complaint to include Adler individually as a respondent, and returned the matter to the hearings unit to reopen the record to allow Adler to defend against the complaint. On May 19, 2008, a second hearing took place before ALJ Tuosto. Thereafter, ALJ Tuosto recommended dismissal of the proceeding against Adler. However, on April 21, 2009, the Division's adjudication counsel issued an alternative proposed order, finding that Barian, Harbor, and Adler had

unlawfully discriminated against the complainant based on her disability, and awarding her compensatory damages. By final order dated May 28, 2009, the Commissioner adopted the alternative proposed order. Thereafter, Adler, Barian, and Harbor commenced a proceeding in the Supreme Court to vacate the order dated May 28, 2009, and the Division cross-petitioned to enforce the order. By order entered December 11, 2009, the Supreme Court transferred the proceeding to this Court.

Any complaint filed pursuant to Executive Law § 297 "must be so filed within one year after the alleged unlawful discriminatory practice" (Executive Law § 297 [5]). In this case, Adler was ordered joined as a respondent more than four years after the alleged discriminatory practice. Thus, the joinder of Adler was untimely unless it "related back" to the timely complaint filed against Barian and Harbor in August 2003 (see *Matter of Murphy v Kirkland*, — AD3d —, —, 2011 NY Slip Op 06271, *5 [2011] [decided herewith]). The relation-back doctrine, which is codified in CPLR 203 (b), allows the addition of a party after the expiration of the statute of limitations if (1) both claims arose out of the same conduct, transaction, or occurrence, (2) the additional party is united in interest with the original party, and by reason of that relationship can be charged with notice of the institution of the action such that he or she will not be prejudiced in maintaining a defense on the merits, and (3) the additional party knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against the additional party as well (see *Buran v Coupal*, 87 NY2d 173, 178 [1995]; *Bumpus v New York City Tr. Auth.*, 66 AD3d 26, 35 [2009]; *Shapiro v Good Samaritan Regional Hosp. Med. Ctr.*, 42 AD3d 443, 444 [2007]).

Under the circumstances of this case, application of the relation-back doctrine would result in unfair prejudice to Adler and, therefore, application of the doctrine is barred under the second prong of the test (see *Buran v Coupal*, 87 NY2d at 181). As previously noted, Adler was ordered joined as a respondent in October 2007, more than four years after the alleged discriminatory practice. Prior to her addition, ALJ Bowden denied the complainant's application, made at the May 23, 2007, hearing, to amend the complaint to add Adler individually as a respondent, specifically on the ground that the statute of limitations had expired.

Further, Adler was added several years after the corporate respondents had gone out of business in 2004. Adler testified at the second hearing that she was never an owner of either

corporate respondent, and that her husband, John Barrie, was the sole shareholder of both corporations. Following this hearing, ALJ Tuosto recommended dismissal of the complaint against Adler on the ground that she acted merely as the complainant's supervisor, and that she did not have an ownership interest in the entity which employed the complainant (see *Brotherson v Modern Yachts*, 272 AD2d 493, 494 [2000] ["A corporate employee may be individually subject to an employment discrimination suit under the Human Rights Law only if he or she has an ownership interest in the corporate employer, or has the authority 'to do more than carry out personnel decisions made by others' "], quoting *Patrowich v Chemical Bank*, 63 NY2d 541, 542 [1984]). Significantly, Barrie passed away in November 2005. As a result of the delay in joinder, Adler lost the opportunity to preserve any statements Barrie could have made regarding his ownership of the company, as well as Adler's duties and responsibilities (see *Matter of Pepsico, Inc. v Rosa*, 213 AD2d 550, 551 [1995]). Thus, under the circumstances, Adler would be unfairly prejudiced by application of the relation-back doctrine (see *Matter of Murphy v Kirkland*, — AD3d —, 2011 NY Slip Op 06271 [2011] [decided herewith]). Accordingly, we grant that branch of the petition which was to annul so much of the determination as found that Adler unlawfully discriminated against the complainant and awarded the complainant damages payable by Adler.

With respect to the corporate respondents, since the complainant was employed solely by Barian, not Harbor (see *Brady v Helmsley*, 246 AD2d 486, 487 [1998]), we also grant that branch of the petition which was to annul so much of the determination as found that Harbor unlawfully discriminated against the complainant and awarded the complainant damages payable by Harbor.

However, the Commissioner's determination that Barian unlawfully discriminated against the complainant on the basis of disability is supported by substantial evidence and, thus, cannot be disturbed (see *Matter of Consolidated Edison Co. of N.Y. v New York State Div. of Human Rights*, 77 NY2d 411, 417 [1991]). Covello, J.P., Lott, Roman and Miller, JJ., concur.