■ In the Matter of ALBERT DAWSON, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [930 NYS2d 467]—

"The determination of the State Commissioner of Human Rights must be confirmed if it is supported by substantial evidence" (*Matter of Consolidated Edison Co. of N.Y. v New York State Div. of Human Rights,* 77 NY2d 411, 417 [1991] [citation omitted]; *see 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 179-180 [1978]). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d at 179-180). Here, the conclusion of the Commissioner of the New York State Division of Human Rights (hereinafter the Commissioner) that the respondent Greenman-Pedersen, Inc. (hereinafter GP), did not discriminate against the petitioner on the basis of his age is supported by substantial evidence. While the petitioner established a prima facie case of age discrimination, GP credibly provided legitimate, nondiscriminatory reasons for terminating the petitioner's employment, and the petitioner failed to show that GP's proffered reasons constituted a pretext for discrimination (*see Stephenson v Hotel Empls. & Rest. Empls. Union Local 100 of AFL-CIO,* 6 NY3d 265, 271 [2006]; *Matter of McDonald v New York State Div. of Human Rights,* 77 AD3d 668 [2010]; *Matter of Sauer v Donaldson,* 49 AD3d 656, 656-657 [2008]). Accordingly, the Commissioner's determination must be confirmed. Skelos, J.P., Dickerson, Leventhal and Lott, JJ., concur.