■ In the Matter of WOLFSON CASING CORPORATION, Petitioner/Cross Respondent, v GALEN D. KIRKLAND, Respondent/Cross Petitioner, et al., Respondent. [938 NYS2d 188]—

Judicial review of a determination made by the Commissioner of the New York State Division of Human Rights (hereinafter the Commissioner) after a hearing under the Human Rights Law (Executive Law art 15) is limited to whether the determination is supported by substantial evidence (*see Matter of MTA Trading, Inc. v Kirkland*, 84 AD3d 811 [2011]). Substantial evidence "does not [a]rise from bare surmise, conjecture, speculation or rumor" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]), "nor from the absence of evidence supporting a contrary conclusion" (*Matter of State Div. of Human Rights v RHS Mgt. Corp.*, 270 AD2d 426, 427 [2000]). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d at 180).

The complainant alleged that after 19 years of working for the petitioner, Wolfson Casing Corporation (hereinafter Wolfson), she was terminated from her employment because she had enrolled for the first time in Wolfson's health care plan, which caused Wolfson's premium to increase due to the complainant's pre-existing medical condition. Wolfson responded that the complainant was fired for insubordination. At the hearing, the complainant testified that she was terminated within one month of having enrolled in the health care plan. On cross-examination, the complainant acknowledged that she had occasional altercations with a coworker and that her supervisor had spoken with her concerning the altercations. Wolfson submitted the complainant's written performance evaluation as proof of her unsatisfactory performance, and its human resources manager testified that one week prior to the complainant's termination, she had refused a request to cover for the receptionist at the front desk. The manager further testified that Wolfson used a community-rated health care plan and that the insurance premium was based on Wolfson's geographic location, not on usage.

The Commissioner's conclusion that the petitioner discriminated against the complainant on the basis of her disability is not supported by substantial evidence. The petitioner provided legitimate, nondiscriminatory reasons for terminating the complainant's employment (*see Matter of McEniry v Landi*, 84

NY2d 554 [1994]), and the complainant failed to show that the petitioner's proffered reasons constituted a pretext for discrimination (*see Matter of Dawson v New York State Div. of Human Rights*, 88 AD3d 705 [2011]; *Matter of McDonald v New York State Div. of Human Rights*, 77 AD3d 668 [2010]; *Matter of Spuehler v Pepsi-Cola Co.*, 239 AD2d 352 [1997]; *Matter of Friel v McCall*, 109 AD2d 741 [1985]; *see also* Insurance Law § 3231 [a], [e] [1] [A]; *Consumers Union of U.S., Inc. v State of New York*, 5 NY3d 327, 339 [2005]). Accordingly, the petition must be granted, the cross petition must be denied, and the Commissioner's determination must be annulled. Skelos, J.P., Dickerson, Austin and Miller, JJ., concur.