■ In the Matter of AMANDA HARRISON, Petitioner, v MARGARET PALUMBO, Administrator, City of Poughkeepsie Office of Section 8 Housing, et al., Respondents. [996 NYS2d 98]—

Proceeding pursuant to CPLR article 78 to review a determination of the City of Poughkeepsie Office of Section 8 Housing dated December 14, 2011, which, after a hearing, confirmed the termination of the petitioner's participation in the Section 8 Housing Choice Voucher Program (*see* 42 USC § 1437f [b] [1]).

Adjudged that the petition is granted, on the law, without costs or disbursements, the determination is annulled, and the penalty imposed is vacated.

The petitioner had been a recipient of rent subsidy benefits under the Section 8 Housing Choice Voucher Program (*see* 42 USC § 1437f) administered by the City of Poughkeepsie Office of Section 8 Housing (hereinafter the Housing Authority) for five years. Upon a complaint by a neighbor that the petitioner allowed unauthorized persons to reside in her apartment, the Housing Authority initiated an investigation that was commenced at the end of August 2011 and ended approximately one month later.

Thereafter, in November 2011, the Housing Authority informed the petitioner via letter that her Section 8 benefits had been terminated, listing four violations based upon the Housing Authority's allegations that the petitioner's father was residing with her without prior notice to or approval from the Housing Authority. After an informal hearing pursuant to 24

CFR 982.555, the hearing officer confirmed the Housing Authority's determination that the petitioner had allowed her father to reside with her without prior notice to and approval from the Housing Authority. The petitioner contends that the Housing Authority's determination was not supported by substantial evidence. We agree.

"Judicial review of an administrative determination made after a hearing required by law is limited to whether that determination is supported by substantial evidence" (*Matter of Genovese Drug Stores, Inc. v Harper*, 49 AD3d 735, 735 [2008]; *see Matter of Jennings v New York State Off. of Mental Health*, 90 NY2d 227, 239 [1997]; *Matter of S & S Pub, Inc. v New York State Liq. Auth.*, 49 AD3d 654 [2008]). Substantial evidence has been defined as "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]; *see Matter of Wolfson Casing Corp. v Kirkland*, 92 AD3d 684, 685 [2012]). While the level of proof is less than a preponderance of the evidence, substantial evidence does not arise from bare surmise, conjecture, speculation, or rumor (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d at 180), or from the absence of evidence supporting a contrary conclusion (*see Matter of Wolfson Casing Corp. v Kirkland*, 92 AD3d at 685; *Matter of State Div. of Human Rights v RHS Mgt. Corp.*, 270 AD2d 426, 427 [2000]).

Here, the Housing Authority's determination that the petitioner allowed her father to reside with her without notice to or approval from the Housing Authority in violation of the rules and regulations of the Section 8 Housing Choice Voucher Program was not supported by substantial evidence. Accordingly, we grant the petition, annul the determination, and vacate the penalty imposed.

In light of the foregoing, we need not reach the petitioner's remaining contentions. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.