■ In the Matter of STATE DIVISION OF HUMAN RIGHTS, Petitioner, v STEVE'S PIER ONE, INC., et al., Respondents. [998 NYS2d 206]—

Proceeding pursuant to Executive Law § 298 to enforce a determination of the Commissioner of the New York State Division of Human Rights dated October 12, 2011, which adopted the recommendation and findings of an administrative law judge dated April 12, 2011, made after a hearing, finding (a) that the complainant was subjected to a hostile work environment because of his sex, and constructively discharged from his employment because of his sex, (b) found that the respondents Steve's Pier One, Inc., Pier One on the Sound, LLC, Pier One Bayville on the Sound, Inc., Crocchiolo Pizzeria, Inc., Bayville Lobster, Inc., and Joseph Genova, individually, were liable for the sexual harassment, and (c) awarded the complainant damages in the principal sums of $3,248, plus interest at the rate of 9% per year from June 30, 2001, for back pay, and $200,000, plus interest at the rate of 9% per year from October 11, 2011, in compensatory damages for mental anguish and humiliation.

Adjudged that the petition is granted, with costs, the determination is confirmed, and the respondents Steve's Pier One, Inc., Pier One on the Sound, LLC, Pier One Bayville on the Sound, Inc., Crocchiolo Pizzeria, Inc., Bayville Lobster, Inc., and Joseph Genova are directed to pay to the complainant the principal sums of $3,248, plus interest at the rate of 9% per year from June 30, 2001, for back pay, and $200,000, plus interest at the rate of 9% per year from October 12, 2011, in compensatory damages for mental anguish and humiliation.

The determination of the Commissioner of the New York State Division of Human Rights (hereinafter the Commissioner) that the complainant was subjected to a hostile work environment, based on sex, that led to his constructive discharge is supported by substantial evidence on the record considered as a whole (see Matter of New York State Div. of Human Rights v A.R. Heflin Painting Contr., Inc., 101 AD3d 1442, 1443-1444 [2012]; Matter of Eastport Assoc., Inc. v New York State Div. of Human Rights, 71 AD3d 890, 891 [2010]; Matter of New York State Dept. of Correctional Servs. v New York State Div. of Human Rights, 53 AD3d 823, 824 [2008]; Matter of State Div. of Human Rights v Dom's Wholesale & Retail Ctr., Inc., 18 AD3d 335, 336 [2005]).

Substantial evidence also supports the determination that Joseph Genova, as the owner and general manager of the restaurant where the complainant was employed at the time, is individually liable for the discrimination (see Patrowich v Chemical Bank, 63 NY2d 541, 542 [1984]; Matter of Murphy v Kirkland, 88 AD3d 795, 796-797 [2011]; Matter of Eastport Assoc., Inc. v New York State Div. of Human Rights, 71 AD3d at 891).

The amendment of the complaint to add Joseph Genova as an individual respondent after the statute of limitations had expired was not unreasonable or unfair, inasmuch as the claims against him "related back" to those asserted in the original complaint against his restaurant (*see Rio Mar Rest. v New York State Div. of Human Rights*, 270 AD2d 47, 48 [2000]; *cf. Matter of New York State Div. of Human Rights v A.R. Heflin Painting Contr., Inc.*, 101 AD3d at 1445; *Matter of Murphy v Kirkland*, 88 AD3d 267, 277 [2011]; *Matter of Adler v Hooper*, 87 AD3d 633, 636 [2011]).

The award of compensatory damages is reasonably related to the wrongdoing, supported by substantial evidence, and comparable to other awards for similar injuries (*see Matter of New York City Tr. Auth. v State Div. of Human Rights*, 78 NY2d 207, 218-219 [1991]; *Matter of Hartley Catering, Inc. v New York State Div. of Human Rights*, 66 AD3d 1022 [2009]; *Matter of New York State Dept. of Correctional Servs. v New York State Div. of Human Rights*, 53 AD3d at 826; *Matter of Under the Elms v Tolbert*, 1 AD3d 373, 373-374 [2003]; *Sier v Jacobs Persinger & Parker*, 276 AD2d 401 [2000]; *Matter of Town of Hempstead v State Div. of Human Rights*, 233 AD2d 451 [1996]).

Likewise, the award of back pay was supported by substantial evidence (*see* Executive Law § 297 [4] [c]; *Matter of Mize v State Div. of Human Rights*, 33 NY2d 53, 55-56 [1973]; *Matter of New York State Div. of Human Rights v ABS Elecs., Inc.*, 102 AD3d 967, 969 [2013]; *Matter of Goldberg v New York State Div. of Human Rights*, 85 AD3d 1166, 1167 [2011]), and the award of predetermination interest on it was appropriate (*see Matter of Aurecchione v New York State Div. of Human Rights*, 98 NY2d 21, 26 [2002]). Rivera, J.P., Hinds-Radix, Duffy and LaSalle, JJ., concur.