■ In the Matter of ANGELITA ROSARIO, Petitioner, v MUNICIPAL HOUSING AUTHORITY FOR CITY OF YONKERS et al., Respondents. [35 NYS3d 454]—

Proceeding pursuant to CPLR article 78 to review a determi-

nation of the Municipal Housing Authority for the City of Yonkers dated March 27, 2014, which, after a hearing, confirmed the termination of the petitioner's participation in the Section 8 Housing Choice Voucher Program (*see* 42 USC § 1437f [b] [1]).

Adjudged that the petition is granted, on the law, without costs or disbursements, the determination is annulled, and the penalty imposed is vacated.

The petitioner has been a participant in the Section 8 Housing Choice Voucher Program (*see* 42 USC § 1437f [b] [1]) since 1994. On January 24, 2014, the petitioner was notified that the respondent Municipal Housing Authority for the City of Yonkers (hereinafter the Housing Authority) determined to terminate her Section 8 benefits effective February 28, 2014, on the ground that she failed to fully disclose her household composition and all of the income attributable to her household. Following a hearing, a hearing officer confirmed the termination, finding that the petitioner failed to disclose that two of her adult children were residing with her and failed to report the income earned by her adult children as family members living in the household.

Judicial review of a determination of an administrative agency is limited to the questions enumerated in CPLR 7803, including "whether a determination made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law is, on the entire record, supported by substantial evidence" (CPLR 7803 [4]; *see Matter of Harrison v Palumbo*, 122 AD3d 634 [2014]; *Matter of Bush v Mulligan*, 57 AD3d 772 [2008]; *Matter of Pena v Mulligan*, 32 AD3d 952 [2006]). Substantial evidence is defined as "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]; *see Matter of Harrison v Palumbo*, 122 AD3d 634 [2014]; *Matter of Bush v Mulligan*, 57 AD3d 772 [2008]). The burden is "less than a preponderance of the evidence, overwhelming evidence or evidence beyond a reasonable doubt," but is "[m]ore than seeming or imaginary" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d at 180-181). Indeed, "[m]arked by its substance—its solid nature and ability to inspire confidence, substantial evidence does not rise from bare surmise, conjecture, speculation or rumor" (*id.* at 180; *see Matter of Harrison v Palumbo*, 122 AD3d 634 [2014]).

Here, the only evidence presented at the hearing that connected the petitioner's two adult children to her subsidized

unit was the testimony of the Housing Authority's investigator that both of them had been registered to vote at that address at some point and that he observed a vehicle registered to one of them parked in the vicinity of the unit on two occasions. Two photographs of the vehicle taken on one of the occasions were admitted into evidence. However, the investigator also testified that both of the petitioner's adult children hold a driver's license bearing a different address and that their vehicles are likewise registered elsewhere. Overall, the evidence was insufficient to establish that the petitioner's adult children were residing in the subsidized unit with her and without the Housing Authority's authorization (see Matter of Hagood v Berger, 42 NY2d 901 [1977]; Matter of Harrison v Palumbo, 122 AD3d 634 [2014]; Matter of Pena v Mulligan, 32 AD3d 952 [2006]; Matter of Henny v Weinberg, 80 AD2d 831 [1981]). The hearing officer's determination that the petitioner was in violation of 24 CFR 982.551 by failing to disclose the residence of her two adult children and by failing to report her true household income to the Housing Authority was, therefore, not supported by substantial evidence (see Matter of Hagood v Berger, 42 NY2d 901 [1977]; Matter of Harrison v Palumbo, 122 AD3d 634 [2014]; Matter of Pena v Mulligan, 32 AD3d 952 [2006]; Matter of Henny v Weinberg, 80 AD2d 831 [1981]). Accordingly, we grant the petition, annul the determination, and vacate the penalty imposed.

In light of the foregoing, we need not reach the petitioner's remaining contentions. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.