Matter of New York State Div. of Human Rights v Roadtec, Inc. (2018 NY Slip Op 08660)





Matter of New York State Div. of Human Rights v Roadtec, Inc.


2018 NY Slip Op 08660


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
FRANCESCA E. CONNOLLY, JJ.


2017-03519
 (Index No. 506470/16)

[*1]In the Matter of New York State Division of Human Rights, petitioner, 
v
Roadtec, Inc., etc., et al., respondents.


Caroline J. Downey, Bronx, NY (Aaron M. Woskoff of counsel), for petitioner.



DECISION & JUDGMENT
Proceeding pursuant to Executive Law § 298 to enforce a determination of the Acting Commissioner of the New York State Division of Human Rights dated October 15, 2013. The determination adopted the recommendation and findings of an administrative law judge dated August 22, 2013, made after a hearing, sustaining the complaint, finding that the respondent Roadtec, Inc., discriminated against the complainant, Daniel Rankin, on the basis of race and color, awarding the complainant compensatory damages in the principal sums of $6,100 for back pay plus interest at the rate of 9% per year "accruing from a reasonable intermediate date," and $5,000 for mental anguish plus interest at the rate of 9% per year "from the date of the Commissioner's Order," assessing a civil fine and penalty against the respondent Roadtec, Inc., in the sum of $5,000, to be paid within 60 days after the date of the Commissioner's Order, plus interest at the rate of 9% per year on any amount paid after 60 days after the date of that order, and directing that respondent to prominently post a copy of the poster of the New York State Division of Human Rights in its place of business where employees are likely to view it, to establish in its workplace antidiscrimination training and procedures, and to provide proof of the aforementioned to the New York State Division of Human Rights upon written demand, and deemed the "reasonable intermediate date" stated in the recommendation and findings of the administrative law judge to be July 15, 2012.
ADJUDGED that the petition is granted, with costs, and the determination is confirmed.
In June 2012, the complainant filed a complaint with the New York State Division of Human Rights (hereinafter the SDHR) against his former employer, the respondent Roadtec, Inc. (hereinafter Roadtec), alleging, inter alia, that his employment was terminated because of his race and color. After a public hearing, an administrative law judge made a recommendation and findings that the complaint be sustained, and awarded the complainant compensatory damages in the principal sums of $6,100 for back pay plus interest at the rate of 9% per year "accruing from a reasonable intermediate date," and $5,000 for mental anguish plus interest at the rate of 9% per year "from the date of the Commissioner's Order," and assessed a civil fine and penalty against Roadtec in the sum of $5,000, to be paid within 60 days after the date of the Commissioner's Order, plus interest at the rate of 9% per year on any amount paid after 60 days after the date of that order. Thereafter, the Acting Commissioner of the SDHR (hereinafter the Acting Commissioner), in a final order dated October 15, 2013 (hereinafter the final order), adopted the recommendation and findings of the administrative law judge, and deemed the "reasonable intermediate date" stated in the [*2]recommendation and findings to be July 15, 2012. Roadtec failed to comply with the final order. The petitioner subsequently commenced this proceeding pursuant to Executive Law § 298 to enforce the final order, and the Supreme Court transferred the proceeding to this Court.
"An enforcement proceeding initiated by the [SDHR] raises the issue of whether its determination was supported by sufficient evidence in the record as a whole" (Matter of New York State Div. of Human Rights v Caprarella, 82 AD3d 773, 773-774; see Matter of State Div. of Human Rights v Bystricky, 30 NY2d 322, 326; Executive Law § 298). The scope of judicial review under the Human Rights Law is extremely narrow and is confined to the consideration of whether the determination of the SDHR is supported by substantial evidence in the record (see Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights, 100 NY2d 326, 331; Matter of State Div. of Human Rights [Granelle], 70 NY2d 100, 106). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact . . . More than seeming or imaginary, it is less than a preponderance of the evidence, overwhelming evidence or evidence beyond a reasonable doubt" (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181[citations omitted]; see Matter of Briggs v New York State Div. of Human Rights, 142 AD3d 663, 664). "Courts may not weigh the evidence or reject [the SDHR's] determination where the evidence is conflicting and room for choice exists" (Matter of State Div. of Human Rights [Granelle], 70 NY2d at 106).
"In order to establish a prima facie case of discrimination in employment, a plaintiff must show that (1) he or she is a member of a protected class; (2) he or she was qualified to hold the position; (3) he or she was terminated from employment or suffered another adverse employment action; and (4) the discharge or other adverse action occurred under circumstances giving rise to an inference of discrimination" (Johnson v North Shore Long Is. Jewish Health Sys., Inc., 137 AD3d 977, 978; see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305).
Here, there is substantial evidence in the record to support the Acting Commissioner's determination that the complainant demonstrated, prima facie, that Roadtec terminated his employment because of his race and color. Roadtec did not present any witnesses or documentary evidence that it had a legitimate, nondiscriminatory reason to terminate the complainant's employment (see Matter of Advanced Recovery, Inc. v Fuller, 162 AD3d 659, 659; cf. Johnson v North Shore Long Is. Jewish Health Sys., Inc., 137 AD3d at 979; Matter of Dawson v New York State Div. of Human Rights, 88 AD3d 705, 705).
The award of back pay is supported by substantial evidence (see Executive Law § 297[4][c][iii]; Matter of New York State Div. of Human Rights v Team Taco Mexico, Corp., 140 AD3d 965, 967, citing Matter of State Div. of Human Rights v County of Onondaga Sheriff's Dept., 71 NY2d 623, 633-634; Matter of State Div. of Human Rights v Steve's Pier One, Inc., 123 AD3d 728, 730).
The award of compensatory damages for mental anguish is reasonably related to the wrongdoing, supported by substantial evidence, and similar to comparable awards for similar injuries (see Matter of New York City Tr. Auth. v State Div. of Human Rights, 78 NY2d 207, 219; Matter of New York State Div. of Human Rights v Team Taco Mexico, Corp., 140 AD3d at 967; Matter of State Div. of Human Rights v Lucky Joy Rest., Inc., 131 AD3d 536, 538; Matter of State Div. of Human Rights v Steve's Pier One, Inc., 123 AD3d at 730).
The assessment of a civil fine and penalty was appropriate under the circumstances of this case. Moreover, the penalty imposed was not so disproportionate to the offenses as to be shocking to one's sense of fairness (see Matter of GR Auto & Truck Repair v New York State Dept. of Motor Vehs., 150 AD3d 730, 731, citing Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233-235; Matter of Cipry Auto., Inc. v New York State Dept. of Motor Vehs., 72 AD3d 816, 817).
Finally, because the unopposed petition for enforcement demonstrates that Realtec has failed to comply with the order, enforcement is granted (see Executive Law § 298).
LEVENTHAL, J.P., CHAMBERS, SGROI and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court